# Appeal of Lane et al.

1. The sureties on the bond of an employe, whose employment is without limitation as to time, and whose duties are to perform all and every work that may be assigned to him, and to account to his employers for all moneys that may come into his possession by reason of his employment, will not be discharged by reason of the employe defaulting in a different branch of the service from the one in which he was employed when they became his sureties.

2. The representations, made at the time of execution, to a surety by the principal and a co-obligee on a bond, as to its scope and purpose, cannot limit or qualify the express language of the bond.

April 2d, 1886.  Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.  PAXSON, J., absent.

APPEAL from the Court of Common Pleas, No. 2, of *Philadelphia county :*  Of January Term, 1886, No. 75.

This was an appeal by David H. Lane and Henry G. Clement from the decree of said court in discharging a rule to show cause why a judgment entered on a bond by virtue of a power of attorney should not be opened, and they be let into a defence.

The following are the facts of the case as shown by the depositions :  Prior to 1874, Charles Hooper was a bill clerk in the employ of the Trustees of the Philadelphia Gas Works. In the position of bill clerk it was his duty to make out bills against gas consumers for the gas consumed.  In 1874 a receiving clerk, Mr. William J. Roney, went to Harrisburg as a

member of the legislature.  Mr. Hooper was put in Roney's place, and from January 1st, 1874, to 1st of June, 1874, Hooper acted as a receiving clerk, signing the pay roll as such and receiving the increased pay given a receiving clerk.  After he began receiving he was required by the trustees to give a bond. He did so.  His bond was as follows:

*Know all Men by these Presents:*  That we, Charles Hooper, David H. Lane and Henry G. Clement, are held and firmly bound unto the city of Philadelphia in the sum of five thousand dollars, lawful money of the United States of America, to be paid to the said city of Philadelphia, their certain attorney, successors or assigns:  To which payment, well and truly to be made, we do hereby jointly and severally bind ourselves, our heirs, executors and administrators, and each of them firmly by these presents:  Sealed with our seal, dated the 20th day of March, 1874.

*Whereas,* The said Charles Hooper has been employed by the trustees of the Philadelphia Gas Works to do and perform whatever kind of work, service or duty which he may be assigned to by the said trustees or those in their employment; *And whereas,* by reason of said employment, work, service and duty, the said Charles Hooper will receive and have in his possession, care, custody and control divers sums of money, goods, chattels, rights, credits, property and estate of the said city, and the said trustees.  Now, the conditions of the foregoing obligation are such, that if the said Charles Hooper shall and will well and truly perform, execute and discharge all and every employment, work, service or duty which he, the said Charles Hooper, may be assigned to as aforesaid, or which he may assume or undertake for or on behalf of the said trustees, and shall and will well and truly account for and to the said trustees, their successors or assigns, for all moneys, goods, chattels, rights, credits, property and estate which may or should come into the possession, power, custody or control of the said Charles Hooper, by reason or on account of the said employment, work, service or duty, or otherwise howsoever, then the foregoing obligation to be void, else to be and remain in full force and virtue.

The signatures were witnessed by Thomas Noble, Samuel M. White and Edwin J. Loag.

It was as bill clerk the sureties supposed they were signing the bond.  Mr. Lane testified that Hooper so told him when the bond was brought to Lane's residence and signed.  Mr. Clement testified that Hooper and the person in the gas office in charge of· the bond when signed so told Clement when he signed.  Neither of the sureties knew of any difference between the bond of a bill clerk and that of a receiving clerk.

There is nothing on the face of the bond which shows that it is a receiving clerk's bond. Plaintiff's testimony goes to show that the bond in question is what they term a receiving clerk's bond, and that a bill clerk's bond is substantially the same form, but in the sum of $2,500.

After giving the bond Hooper continued to act as he had acted since the first of the year 1874 as receiving clerk. On June 1st, 1874, Roney came back and took his desk as a receiver, and Hooper went back to making out bills. Roney staid just one month, when he resigned and left, and Hooper again took Roney's books and Roney's desk, and acted as receiver. He receipted the pay roll as a receiving clerk, and was paid the salary of that position. He continued to receive and receipt for a receiving clerk's salary from July, 1874, until he subsequently fled, a defaulter. On December 1st, 1874, Roney came back to the gas office, being told that he could do so, and that his resignation had not been accepted. He served during that month, and then on January 1st, 1875, went back to the legislature, and upon the death of one Neilson in April, 1875, Roney was made chief clerk. Hooper's default occurred in 1877, 1878, 1879 and 1880, and amounted to $11,138.02.

Hooper's official position appeared to be the following:

Prior to 1874 he was a bill clerk.

From January 1st, 1874, to May 31st, 1874, he acted as receiving clerk in Roney's place.

During June, 1874, he was a bill clerk.

From July 1st, 1874, to November 30th, 1874, he acted as receiving clerk in Roney's place.

During December, 1874, he was a bill clerk.

From January 1st, 1875, to April 15th, 1875, he acted as receiving clerk.

April 15th, 1875, he was regularly appointed a receiving clerk.

His sureties, the appellants, claimed that the judgment should be opened because, 1, the defalcation occurred in a term subsequent to that for which they became surety. 2, because they had been induced to sign the bond by representations that it was a bond for Hooper as bill clerk, whereas the defalcation was as receiving clerk.

Rule to open judgment discharged, and thereupon the appellants took this appeal, assigning for error the discharge of the rule to open judgment.

*E. Cooper Shapley* (*F. Carroll Brewster* and *William B. Mann* with him), for appellants.—1. The sureties on the bond are discharged because the defalcation occurred in a term subsequent to that for which they became sureties.

[Appeal of Lane et al.]

The words in this bond, however general, must be construed to refer to the appointment then held: Bank *v.* Keen, 8 W. N. C., 284; Savings Co. *v.* Association, 12 Wr., 446. And must be construed strictly, and not extended beyond the fair scope of its terms: Miller *v.* Stewart, 9 Id., 680. And in doubtful cases the construction must be favorable to the surety: Commonwealth *v.* West, 1 Rawle, 31.

In Savings Company *v.* Odd Fellows' Hall Association, 12 Wr., 446, it was held that the bond was confined to the period for which he was elected at the time it was given. See also Manufacturing Co. *v.* Lawrence, 1 Allen, 339; Commonwealth *v.* Redzell, 9 W. & S., 109; U. S. *v.* Kilpatrick, 9 Wheat., 720; R. R. Co. *v.* Whinray, 26 L. R., 1207.

If this bond had not been coupled with a warrant, and had been sued upon, the sureties could have pleaded that it was only to cover the particular appointment, and that the appointment terminated in April, 1875: Kitson *v.* Julian, 4 El. & Bl., 854 (also reported 1 Jur., N. S., 754, and 24 L. J., Q. B., 202).

2. The question whether the bond was given for Hooper as bill clerk, or as receiving clerk, should have been left to a jury, under the evidence.

Both the sureties testified that when they signed the bond it was represented to them as that of a bill clerk.

David H. Lane says: This bond was signed at my house, 1420 Park avenue; Mr. Hooper brought it there. I inquired of him my responsibility in the matter, which he assured me was but slight, as his position was that of bill clerk.

In Paul *v.* Carver, 17 W. N. C., 176, decided three months after Lane's case, the same court (C. P., 2) before which this case was heard, opened the judgment on a similar state of facts.

Where one adopts a contract entered into without his authority, he must adopt it altogether. He cannot ratify the beneficial part and reject the remainder, even though at the time of adopting the beneficial part he was ignorant of the burden imposed by the agent: Mundorff *v.* Wickersham, 13 P. F. S., 87; Hart *v.* Borough of Girard, 6 Id., 23; Wharton on Agency, *supra*, 87, 89, 90.

All the circumstances attendant upon such a transaction must go to the jury: Lee *v.* Jones, 13 W. N. C., 318; Montefiore *v.* Lloyd, 9 Jur., N. S., 1245 (also reported 33 L. J., C. P., 49; 12 W. N. C., 83; 9 L. J., N. S., 330, and 15 C. B., N. S., 303).

*Abraham W. Beitter* and *Charles Warwick*, for appellee, were not heard.

[Appeal of Lane et al.]

Mr. Justice MERCUR delivered the opinion of the court, April 12th, 1886.

The comprehensive language of the bond is such as to preclude the application of the rule claimed by the appellants. The recital declares Hooper has been employed by the trustees of the Philadelphia Gas Works " to do and perform whatever kind of work, service or duty, which he may be assigned to by the said trustees, or those in their employment." The conditions are that he shall well and truly perform, execute and discharge " all and every employment, work, service or duty which he may be assigned to as aforesaid," or which he may assume or undertake for or on behalf of said trustees, and shall and will, well and truly, " account for and to the said trustees for all moneys, goods, chattels, rights, credits, property and estate which may or shall come into his possession, power, custody or control by reason or on account of the said employment, work, service or duty, or otherwise howsoever."

All the parol evidence given is insufficient to limit or qualify the clear and expressive language of the bond. It is not sufficient that the principal and co-obligee may have represented its purpose to be otherwise than its language declares. No one authorized to bind the trustees or the city of Philadelphia said or did anything which will change the legal effect of the obligation.

The principal was not an officer for any specific term designated by law. He was merely an employé, without limitation as to time. His term was co-extensive in time with his employment. The one continued as long as the other. He was to perform all work to which he might be assigned from time to time by his employers. His duty and obligation were to account for and pay over all moneys which came into his hands, possession or control. He failed to so account and pay over. The learned judge committed no error in refusing to open the judgment which was entered on the bond.

Decree affirmed and appeal dismissed at the costs of the appellants.